# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PANE RUSTICA, INC. MANGIA SANO
ENTERPRISES DBA: PANE RUSTICA, a
Domestic Corporation,

        Plaintiff,

vs.

GREENWICH INSURANCE COMPANY, a
Foreign Corporation

        Defendant.

Case No.: _____

## DEFENDANT, GREENWICH INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, Greenwich Insurance Company ("Greenwich"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the action styled as *Pane Rustica, Inc. Mangia Sano Enterprises DBA: Pane Rustica, a Domestic Corporation, vs. Greenwich Insurance Company, a Foreign Corporation*, Case No.: 20-CA-005576, currently pending in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Circuit Civil Division, to the United States District Court for the Middle District of Florida, and as grounds states:

### I.    THE STATE COURT ACTION

1. On July 10, 2020, Plaintiff, Pane Rustica, Inc. Mangia Sano Enterprises DBA: Pane Rustica ("Plaintiff") filed a complaint against Greenwich in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Circuit Civil Division, Case No.: 20-CA-005576 (the "State Court Action") seeking to recover insurance benefits for loss of business income allegedly sustained as a result of government shutdown orders in response to the COVID-19 pandemic.

2. On July 15, 2020, Greenwich was served with Plaintiff's Complaint.

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action are attached hereto.

4. At all times material, including at the time the case was filed and at the time of removal, Plaintiff is and has been a Florida corporation with its principal place of business at 3225 South MacDill Ave., #119, Tampa, Florida 33629. Plaintiff is therefore a citizen of the State of Florida for jurisdictional purposes. *See* Complaint at ¶¶ 2, 4.

5. Furthermore, the State Court Action concerns real property located at 3225 South MacDill Avenue, #119, Tampa, Florida 33629 ("Location 1") and 1910 Ola Ave Space #14, Tampa, Florida 33602 ("Location 2"). *See* Complaint at ¶¶ 2, 4.

6. At all times material, including at the time the case was filed and at the time of removal, Greenwich is and has been a Delaware corporation with its principal place of business in Connecticut. Greenwich is an authorized property and casualty insurer which issues policies in Florida, FEIN (95-1479095), NAIC (22322). Greenwich is therefore a citizen of Delaware and Connecticut for jurisdictional purposes.

7. The Complaint filed in the State Court Action seeks monetary damages in excess of $30,000.00. *See* Complaint at ¶ 1.

8. At the time of service of Plaintiff's Complaint, the specific amount in controversy was unknown based on the pleadings as alleged.

## II. NOTICE OF REMOVAL IS TIMELY FILED

9. Removal is appropriate upon a showing that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees. 28 U.S.C. § 1332.

10. Where removal is sought on the basis of jurisdiction conferred by 28 U.S.C § 1332, the amount in controversy is the sum identified in the initial pleading, except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

11. Where the state practice either does not permit or demand a specific sum or permits recovery of damages in excess of the amount demand in the initial pleading, removal is proper where the Court finds, by a preponderance of the Evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1446 (c)(2)(B).

12. The notice of removal shall be filed within 30 days after the defendant received an initial pleading. 28 U.S.C. § 1446 (b).

### III.   REMOVAL IS TIMELY AND PROPER

13. Greenwich is a citizen of Delaware and Connecticut. Plaintiff is a citizen of Florida. There is complete diversity of citizenship, and there has been at all times from the date the Complaint was filed through the present date. By filing this Notice of Removal, Greenwich consents to removal of this action from state to federal court.

14. A Defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional requirement. *See McManus v. Nat'l Fire & Marine Ins. Co.*, 380 F. Supp. 3d 1260, 1262 (M.D. Fla. 2019); *Travelers Prop. Cas. Co. of Am. v. Eastman Kodak Co.*, No. 816CV00465EAKJSS, 2016 WL 11491579, at *2 (M.D. Fla. Aug. 1, 2016).

15. Plaintiff seeks business income and extra expense coverage in connection with the "civil authority that prohibited access to properties near Plaintiff's properties, as well as Plaintiff's properties" and cites two government orders issued in March 2020 that Plaintiff claims "were


issued in response to the state of emergency relating to Covid-19 and in response to a threat to the public health." *See* Complaint at ¶¶ 9, 11.

16. Specifically, Plaintiff claims that "Because of Defendant's failure to pay Plaintiff's claim, Defendant has materially breached the terms and conditions of the subject policy" and "As a result of the breach, Plaintiff has suffered damages in the form of loss business income which Plaintiff alleges is covered under the subject policy of insurance." *See* Complaint at ¶¶ 15, 16.

17. Plaintiff seeks a "Declaratory Judgment to determine liability under the subject insurance policy pursuant to Chapter 86, Florida Statutes" and "contends that the subject claim for business interruption is a covered caused of loss because the orders of civil authority prevented access to Plaintiff's properties and caused these businesses to be shut down." *See* Complaint at ¶¶ 20, 21.

18. While Plaintiff's declaratory action ultimately asks the Court to find coverage under the commercial insurance policy issued by Greenwich, which includes business interruption and extra expense coverage, Plaintiff claims an unspecified amount of damages.

19. Greenwich has undertaken to quantify the potential damages at stake if Plaintiff prevails at trial on the claims it asserts.

20. Greenwich has determined that if the Court were to find a covered loss under the policy (a finding Greenwich will vehemently resist), the amount in controversy will exceed the $75,000.00 jurisdictional threshold.

21. If the March 27, 2020 Hillsborough County order and Governor Ron DeSantis's Executive Order Number 20-71 constitute a loss covered by the applicable insurance Policy, as Plaintiff alleges, coverage would be provided under the "Civil Authority" provision, which provides for a maximum of three weeks of business interruption coverage.

22. As such, the amount in controversy for the Plaintiff would be three weeks of business interruption coverage under the relevant policies at issue. *See Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("This Court has held that '[f]or amount in controversy purposes, the value of injunctive or declaratory relief is the "value of the object of the litigation" measured from the plaintiff's perspective.' Stated another way, 'the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.'" (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (internal citations omitted))).

23. Based on Greenwich's calculations and understanding of Plaintiff's allegations, Plaintiff's policy of insurance contains a business interruption policy limit of $625,000.00 for Location 1 and $75,000.00 for Location 2, and the civil authority coverage is limited to three weeks. Here, the value of the relief ultimately requested by Plaintiff—the amount in controversy—is available business income coverage for the applicable policy. *See* Complaint at Exhibit A, Commercial Property Coverage Part Declarations Page, 3.

24. The Policy issued to Plaintiff by Greenwich provides business interruption coverage for a total limit of $700,000.00 for both locations, and for any one-month period the limit of liability is capped at 1/4th of that amount. Further, the civil authority coverage period is limited to three weeks, or less than one full month. Therefore, the maximum Plaintiff could recover is its losses incurred during a single month, and that sum is further capped at 1/4th of the total business interruption limit of liability, or $175,000.00, which exceeds the amount in controversy. *See* Complaint at Exhibit A, Commercial Property Coverage Part Declarations Page, 4.

25. Therefore, Greenwich believes the jurisdictional amount-in-controversy requirement is satisfied.

26. This Notice of Removal is filed within 30 days of July 15, 2020, and is therefore timely. 28 U.S.C. § 1446 (c).

27. As the Notice of Removal was filed within 30 days, involved a controversy in excess of $75,000.00, and there is complete diversity of citizenship of the parties, removal is proper.

28. Pursuant to 28 U.S.C. 28 U.S.C. § 1446 (d), written notice of the removal of this action will be promptly served on the Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Hillsborough County, Florida, Circuit Civil Division.

**WHEREFORE**, Greenwich Insurance Company, respectfully requests that this Court accept removal of the Complaint now pending against it in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Circuit Civil Division, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

Dated: July 31, 2020                                Respectfully submitted,

*/s/ Christine M. Renella*
Christine M. Renella (Bar No. 65485)
crenella@zelle.com
ZELLE LLP
SunTrust International Center
One Southeast Third Avenue, Ste. 1700
Miami, Florida 33131-4332
Tel: 305-299-9939
*Counsel for Defendant* [Greenwich Insurance Company]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of July, 2020, a true and correct copy of the foregoing, filed through the Electronic Case Filing System, will be sent via electronic mail to all parties on the attached Service List.

By: */s/ Christine M. Renella*
     **CHRISTINE M. RENELLA**

## SERVICE LIST

**Ronald S. Haynes, Esq.**
**CHRISTOPHER LIGORI & ASSOCIATES**
117 S. Willow Ave.
Tampa, FL 33606
Tel: (813) 223-2929
Fax: (813) 251-6853
Pleadings@Ligorilaw.com
*Attorney for Plaintiff*

**James L. Magazine, Esq.**
**LUCAS & MAGAZINE, PLLC**
8606 Government Drive
New Port Richey, Florida 34654
Tel: (727) 849-5353
Fax: (727) 845-7949
lucasmagazine@lucasmagazine.com
*Attorney for Plaintiff*